# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4718 | **DATE** | 2/18/2003 |
| **CASE TITLE** | James D. Baltzer vs. Joseph Birkett, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  ENTER MEMORANDUM OPINION AND ORDER: Defendants' Rule 12(b)(1) motion is granted and all of the claims asserted against them in their official capacities are dismissed without prejudice for lack of subject matter jurisdiction. Defendants' Rule 12(b)(6) motion is also granted and all of the claims asserted against them in their individual capacities are dismissed with prejudice. Defendants' Rule 12(f) motion to strike is dismissed as moot. This is a final and appealable order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | number of notices | | Document Number |
|---|---|---|---|---|---|---|---|
| | No notices required. | | | | | | |
| | Notices mailed by judge's staff. | | | | FEB 19 2003 | | |
| | Notified counsel by telephone. | | | | date docketed | | 21 |
| ✓ | Docketing to mail notices. | | | | | | |
| ✓ | Mail AO 450 form. | | | | docketing deputy initials | | |
| ✓ | Copy to judge/magistrate judge. | | | | | | |
| TBK | courtroom deputy's initials | | Date/time received in central Clerk's Office | | date mailed notice | | |
| | | | | | mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FEB 19 2003

JAMES D. BALTZER,              )
                               )
        Plaintiff,             )
                               )
    v.                         )   No. 02 C 4718
                               )   Paul E. Plunkett, Senior Judge
JOSEPH BIRKETT, et al.,        )
                               )
        Defendant.             )

## MEMORANDUM OPINION AND ORDER

James D. Baltzer has sued defendants DuPage County State's Attorney Joseph Birkett, Assistant State's Attorneys Neal Thompson, Mike Reidy and Scott Sinson, former Assistant State's Attorney Ellen Champagne Culliton and Probation Officer Andy Millet pursuant to 42 U.S.C. § ("section") 1983 for their alleged violations of his constitutional rights. Defendants have filed motions to dismiss pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6) and, in the alternative, a Rule 12(f) motion to strike. For the reasons set forth below, the Rule 12(b)(1) and 12(b)(6) motions are granted and the Rule 12(f) motion is denied as moot.

### Facts

In October 1994, plaintiff leased the lower level of a property in Lombard, Illinois to Garrett Wainwright. (Am. Compl. ¶¶ 5-11.) Sometime thereafter a dispute arose between plaintiff and Wainwright regarding the use of the building. (Id. ¶ 12.) On October 23, 1996, plaintiff filed an eviction action against Wainwright. (Id. ¶ 13.)



On November 15, 1996, plaintiff contacted defendant Thompson and told him that Wainwright had left records in the building that would be useful in DuPage County's pending criminal prosecution of Wainwright. (Id. ¶¶ 5, 19.) Thompson obtained a search warrant and plaintiff told him he would leave the records on the curb. (Id. ¶ 20.)

At some point in 1997, Wainwright filed a civil rights suit against plaintiff and various DuPage County officials, including Thompson, alleging that they had illegally searched the building when they came to serve the eviction summons on Wainwright. (Id. ¶¶ 13, 18.)

At the same time, plaintiff was being sued by West Suburban Bank over a loan it had made to plaintiff. (Id. ¶ 26.) Judgment was entered against plaintiff in that case and he was ordered to appear on a citation to discover assets. (Id. ¶ 27.) When he appeared on the citation, plaintiff filed a motion to substitute judge as of right. (Id.) The presiding judge, Judge Lucas, denied the motion. (Id.)

On February 20, 1997, Thompson began a criminal investigation of plaintiff, based on his testimony in the West Suburban Bank case. (Id. ¶¶ 23, 25-26, 28.)

Sometime in 1998, plaintiff was served with a notice to appear at a deposition in connection with Wainwright's civil suit. (Id. ¶ 24.) After receiving it, plaintiff told defendant Culliton that, during his deposition, he would say defendant Thompson had encouraged him to obtain evidence against Wainwright illegally. (Id.)

On January 23, 1999, before plaintiff had been deposed in Wainwright's suit, Thompson obtained a five-count grand jury indictment against plaintiff, allegedly through the use of false evidence. (Id. ¶¶ 25, 54.) In the first two counts, plaintiff was charged with providing materially false information to the Secretary of State. (Id. ¶ 25.) The last three counts charged plaintiff with

having given perjured testimony when he responded to the citation to discover assets in the West Suburban Bank case. (Id. ¶¶ 25, 28.)

In September 1999, defendants Culliton and Thompson obtained permission to tap plaintiff's phone. (Id. ¶ 32.) Defendants told the judge that the tap would further their investigation of plaintiff's criminal conduct when, in fact, plaintiff says, they wanted to gather information to help Thompson defend against Wainwright's suit. (Id.)

In October 1999, Counts 1 and 2 of the indictment against plaintiff were dismissed. (Id. ¶ 36.) After a bench trial on the remaining three counts, plaintiff was acquitted of Count 3 and convicted of Counts 4 and 5. (Id.)

In November 1999, plaintiff's home was burglarized, resulting in more than $20,000.00 in damage. (Id. ¶¶ 33-34.) Defendant Sinson prosecuted the suspect, but failed to seek restitution. (Id. ¶ 34.)

In January 2002, plaintiff's perjury conviction and sentence were affirmed by the Illinois Appellate Court. People v. Baltzer, 762 N.E.2d 1174 (Ill. App. Ct. 2002).

In May 2002, defendant Millet filed a petition to revoke plaintiff's probation for failing to abide by its conditions though he had no evidence that plaintiff had actually violated the terms of his probation. (Id. ¶ 45.)

On September 10, 2002, Thompson filed a baseless petition to revoke plaintiff's bond. (Id. ¶¶ 46-47, 49-50) The petition was granted and plaintiff is now being held at DuPage County Jail. (Id. ¶ 48.)

Plaintiff contends that defendants engaged in a course of vindictive prosecution to prevent him from revealing their wrongful conduct in connection with the Wainwright criminal investigation and to appease West Suburban Bank, a significant supporter of the State Republican Party.

### The Legal Standards

In ruling on defendants' motions, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. Forseth v. Village of Sussex, 199 F.3d 363, 368 & n.6 (7th Cir. 2000) (stating standard for Rule 12(b)(6) motion); United Transp. Union v. Gateway W. Ry. Co., 78 F.3d 1208, 1210 (7th Cir. 1996) (stating standard for Rule 12(b)(1) motion without evidentiary submissions). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### Discussion

In Count I of his amended complaint, plaintiff alleges that defendants Birkett, Thompson, Reidy, Sinson and Culliton violated his constitutional rights by taking actions to prevent him from "testifying against them in federal court by seeking a grand jury indictment for perjury against [plaintiff], prosecuting [plaintiff], and seeking [plaintiff's] incarceration . . . whereby [plaintiff's] testimony against them would be impeached as a result of the perjury conviction they sought." (Am. Compl. ¶ 53.) He also alleges that defendants conspired "to present knowingly false information to a grand jury that Plaintiff had been convicted of possession of marijuana, that Plaintiff used marijuana; that Plaintiff stole monies from his father's business . . . and that Plaintiff was a drug

dealer." (Id. ¶ 54.) In Count II, plaintiff alleges that defendant Birkett took those actions solely to please West Suburban Bank, a substantial contributor to the Illinois Republican Party. (Id. ¶¶ 60-64.) In Count III, plaintiff alleges that defendant Millet violated his rights by "presenting knowingly false information at a court hearing to revoke [plaintiff's] bond." (Id. ¶ 67.) Plaintiff asserts these claims against all defendants in both their official and individual capacities.

## Subject Matter Jurisdiction

"The Eleventh Amendment prohibits federal courts from deciding suits brought by private litigants against states or their agencies, and that prohibition extends to state officials acting in their official capacities." Garcia v. City of Chicago, 24 F.3d 966, 969 (7th Cir. 1994). In Illinois, State's Attorneys and probation officers are considered state officials. Id. (State's Attorneys); Villalobos v. Kinn, No. 00 C 50388, at *4 (N.D. Ill. Aug. 21, 2001) (probation officers). Thus, all of the official capacity claims plaintiff asserts in his amended complaint must be dismissed for lack of subject matter jurisdiction.

## Abstention

Defendants argue that the Court should abstain from exercising jurisdiction over the individual capacity claims under the Younger doctrine. See generally Younger v. Harris, 401 U.S. 37 (1971). Though Younger instructs federal courts to abstain from exercising jurisdiction over cases seeking to enjoin certain state proceedings, in this circuit such abstention is also appropriate in damage cases, if the case "would have a substantially disruptive effect upon ongoing state criminal proceedings." Simpson v. Rowan, 73 F.3d 134, 137 n.6 (7th Cir. 1995). Younger abstention is only

-5-

proper, however, if the underlying state proceedings are ongoing. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). Though defendants do not argue that plaintiff's criminal case is ongoing (his conviction was affirmed more than a year ago, see People v. Baltzer, 762 N.E.2d 1174 (Ill. App. Ct. 2002)), they say that the probation revocation action remains pending because "there is [still] a possibility of appeal." (Defs.' Mot. Dismiss Am. Compl. ¶ 19.)

The record does not support that contention. Plaintiff's probation was revoked and he was resentenced to three years imprisonment on November 8, 2002. (Defs.' Mot. Dismiss Am. Compl., Ex. 2, Crim. Sentence Form.[1]) To preserve his right to appeal the probation violation finding or the resentencing, plaintiff had to file a notice of appeal or motion to reconsider the sentence within thirty days after that date. See ILL. SUP. CT. R. 605(a). Apparently, plaintiff did not do so, as defendants say nothing about the subject in their rely brief, which was filed *after* the expiration of the thirty-day period. In short, defendants have given us no basis for concluding that plaintiff's probation revocation proceeding is ongoing. Thus, Younger abstention is not appropriate in this case.

## Merits

If the claims in Counts I and II are premised on plaintiff's right to testify in the Wainwright suit, they cannot survive. Even if the Constitution guarantees third-party witnesses the right to testify in civil matters, an issue we do not decide, plaintiff has not alleged that defendants deprived him of

---

[1] The Court can take judicial notice of records from other court proceedings "without converting a 12(b)(6) motion into a motion for summary judgment." Henson v. CSC Credit Servs., 29 F.3d 280, 284 (7th Cir. 1994).

-6-

it. Neither a pending indictment nor incarceration would have precluded plaintiff from testifying in Wainwright's civil rights suit. See 28 U.S.C. § 2241(c)(5) (authorizing writs of habeas corpus *ad testificandum*). Thus, Wainwright's lawyers could have secured plaintiff's testimony, had they wished to do so, regardless of defendants' alleged actions.

Any claim based solely on malicious prosecution is also doomed. As our court of appeals said in Newsome v. McCabe, 256 F.3d 747 (7th Cir. 2001), prosecution without probable cause violates due process if it deprives the plaintiff of "an adequate opportunity to defend himself in [a] criminal prosecution," but is actionable under section 1983 only if state post-deprivation remedies are inadequate. Id. at 750-51; see Penn v. Harris, 296 F.3d 573, 576 (7th Cir. 2002) (quoting Newsome for the proposition that "there is no constitutional right not to be prosecuted without probable cause.") (internal quotation marks and citation omitted). Because Illinois provides adequate post-deprivation remedies, Newsome, 256 F.3d at 751, plaintiff cannot pursue a malicious prosecution claim under section 1983.

Moreover, to the extent plaintiff's claims are based on any State's Attorney's alleged procurement of a baseless indictment, they are both untimely and barred by the doctrine of prosecutorial immunity. The statute of limitations for section 1983 claims filed in Illinois is two years. Kalimara v. Illinois Dep't of Corr., 879 F.2d 276, 277 (7th Cir. 1989). Plaintiff alleges that the grand jury indicted him on January 23, 1999, more than two years before he filed this suit. (Am. Compl. ¶ 25.) Moreover, even if the claims were timely, the prosecutor defendants would still be immune from liability. "[P]rosecutor[s] enjoy[] absolute immunity from civil suit under § 1983 for damages 'in initiating a prosecution and presenting the State's case.'" Henry v. Farmer City State Bank, 808 F.2d 1228, 1238 (7th Cir. 1986) (quoting Imbler v. Pachtman, 424 U.S. 409, 431 (1976));

Hamilton v. Daley, 777 F.2d 1202, 1213 (7th Cir. 1985) (holding that prosecutors are absolutely immune for initiating probation revocation proceeding). Such immunity applies even if the prosecutor "initiates charges maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." Farmer City State Bank, 808 F.2d at 1238. Thus, even if defendants had no basis for seeking to indict plaintiff, seeking to revoke his probation or refusing to seek restitution from the man who burglarized his home, they are absolutely immune from liability for those actions. Accordingly, any claims in Counts I and II that are based on that alleged conduct must be dismissed.

Also time-barred are any claims premised on the allegedly illegal wiretap. Plaintiff alleges that defendants Culliton and Thompson obtained permission for the tap in September 1999 and secured his perjury conviction on October 6, 1999. (Id. ¶¶ 32, 36.) It is reasonable to infer from those allegations that plaintiff learned about the wiretap on or before the day he was convicted. Because plaintiff filed this action more than two years later, any Fourth Amendment claims for illegal wiretapping must be dismissed.

That leaves the claim plaintiff asserts in Count III against Probation Officer Millet for presenting false testimony at plaintiff's probation revocation hearing. Millet says that Heck v. Humphrey, 512 U.S. 477 (1994) bars this claim. In Heck, the Supreme Court held:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus.

Id. at 486-87. Moreover, the Court directed district courts confronted with a state prisoner's section 1983 damage suit to dismiss it if "judgment in favor of the plaintiff would necessarily imply the invalidity of [a] conviction or sentence" that had not been invalidated. Id. at 487.

Though Heck was decided in the context of imprisonment after a trial, it is equally applicable to probation revocation. See Crow v. Penry, 102 F.3d 1086 (10th Cir. 1996) (applying Heck to probation revocation proceeding); Antonelli v. Foster, 104 F.3d 899, 901 (7th Cir. 1997) (stating that Heck applies to any suit "premised . . . on the invalidity of confinement pursuant to some legal process, whether a warrant, indictment, information, summons, parole revocation, conviction or other judgment"). Plaintiff claims that defendant Millet convinced the state court to revoke his probation through the use of false testimony. If plaintiff prevailed on that claim, the state court's finding that he had violated the terms of his probation would necessarily be invalidated. Therefore, unless the probation violation finding has been invalidated, the claim is barred by Heck.

Plaintiff does not allege that the probation violation finding was reversed on appeal or otherwise vacated. Rather, he argues that the finding is *de facto* invalid because the probation resulted from a criminal proceeding that was void. The perjury proceeding was void, plaintiff says, because it was based on testimony taken in the West Suburban Bank case after Judge Lucas had improperly denied plaintiff's motion to substitute judges. (Am. Compl. ¶ 27); see In re A.N., 755 N.E.2d 155, 159 (Ill. App. Ct. 2001) (stating that an improperly denied motion for substitution of judges renders void "any later action taken by the trial judge"). Because Judge Lucas had no authority to elicit the allegedly perjurious testimony, plaintiff argues, the perjury conviction and the probation violation finding that flowed from it are invalid.

The Court disagrees. The perjury conviction was invalidated within the meaning of Heck only if it was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87. Plaintiff has not alleged that his conviction has been invalidated in any of those ways. Moreover, it is clear that he cannot make such an allegation. Plaintiff's conviction and sentence were affirmed on direct appeal on January 22, 2002, and the appellate court denied his petition for rehearing on February 14, 2002. See People v. Baltzer, 762 N.E.2d 1174 (Ill. App. Ct. 2002). He had a maximum of thirty-five days thereafter to seek leave to appeal to the Illinois Supreme Court, see ILL. SUP. CT. R. 315(b), 612(b), but did not. Thus, there is no possibility that his conviction will be reversed by the state courts. There is also no hope of habeas corpus relief, as Judge Lucas' failure to grant a state-law motion for substitution does not provide any basis for granting the writ. See Dellinger v. Bowen, 301 F.3d 758, 764 (7th Cir. 2002) ("Federal habeas relief is . . . unavailable to remedy errors of state law."). Because plaintiff cannot allege that his conviction, and by extension his probation violation finding, was invalidated in any of the ways contemplated by Heck, his Count III claim must also be dismissed.

## Conclusion

For the reasons set forth above, defendants' Rule 12(b)(1) motion is granted and all of the claims asserted against them in their official capacities are dismissed without prejudice for lack of subject matter jurisdiction. Defendants' Rule 12(b)(6) motion is also granted and all of the claims asserted against them in their individual capacities are dismissed with prejudice. Defendants' Rule 12(f) motion to strike is dismissed as moot. This is a final and appealable order.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

**DATED:** 2-18-03